
Case 18-10506-elf    Doc 16    Filed 02/15/18    Entered 02/15/18 14:11:21    Desc Main
Document        Page 1 of 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| IN RE: | TAE W. KIM | : | Chapter 7 |
| | VICTORIA SOON YU KIM, | : | |
| | | : | |
| | Debtors | : | Bky. No.  18-10506 ELF |

# O R D E R

    **AND NOW, WHEREAS:**

A. 11 U.S.C. §109(h)(1) requires that an individual may not be a debtor in a bankruptcy case unless, within the 180 day period before the filing of the bankruptcy petition, the individual has received  an individual or group briefing from an approved nonprofit budget and credit counseling agency as described in 11 U.S.C. §111(a) ("Credit Counseling").

B. 11 U.S.C. §109(h)(3) provides that a debtor may be exempted temporarily from the Credit Counseling requirement for a thirty (30) day period after the filing of the petition if the debtor submits a Certification which satisfies the requirements of 11 U.S.C. §109(h)(3)(A)(i), (ii) and (iii).[1]

C. It appears that the Debtor filed the bankruptcy petition in this case without receiving Credit Counseling and did not file a Certification that satisfies the requirements of 11 U.S.C. §109(h)(3)(A)(i), (ii) and (iii).

    It is therefore **ORDERED**, after a hearing and for the reasons stated in court, that the above captioned bankruptcy case is **DISMISSED**.

**Date:  February 15, 2018**

                                  **ERIC L. FRANK**
                                    **CHIEF U.S. BANKRUPTCY JUDGE**

---

[1] 11 U.S.C. §109(h)(4) provides that, after a notice and hearing, the court may determine that the requirements of 11 U.S.C. §109(h)(1) shall not apply to a debtor because of incapacity, disability, or active military duty in a military combat zone.  No request was made for a determination under 11 U.S.C. §109(h)(4).